PER CURIAM.
Nathaniel Jackson appeals the denial of his motions filed under Florida Rule . of Criminal Procedure 3.800(a). We affirm the denial of his motions but remand for correction of a scrivener’s error in Mr. Jackson’s written sentence.
In 1984, Mr. Jackson was found guilty by a jury of first-degree murder and armed robbery in case 84-965 and armed robbery in case 84-7995. The court sentenced Mr. Jackson to death for the murder conviction and imposed no sentence for the robbery conviction in case 84-965. In case 84-7995, the court sentenced Mr. Jackson to thirty years for the armed robbery conviction.
On October 29, 1991, pursuant to an agreement between the parties, the circuit court vacated Mr. Jackson’s death sentence and sentenced him to life imprisonment with a twenty-five year mandatory minimum term. The court noted that Mr. Jackson’s sentence of thirty years for armed robbery in related case 84-7995 was not vacated by its order and remained in full effect, but the court did not mention the robbery conviction in case 84-965.
Nevertheless, the revised written judgment and sentence reflected, for the first time, a thirty-year sentence for the robbery conviction in case 84-965. It appears that the sentence imposed for the robbery in case 84-965 was a scrivener’s error by someone who was confused by the sentence that had been imposed in the other case. See Fla. R. Crim. P. 3.800 court cmt. (“[S]crivener’s error refers to a mistake in the written sentence that is at variance *1147 with the oral pronouncement of sentence ... but not those errors that are the result of judicial determination or error.”).
Accordingly, we affirm the postconviction court’s denial of Mr. Jackson’s motions but remand with directions that the thirty-year sentence for robbery in case 84-965 be deleted.
Affirmed; remanded with directions.
ALTENBERND, CRENSHAW, and SLEET, JJ„ Concur.